## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| ROXELLA LYONS, | **No. CV-23-40-H-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| REBECCA WARNER, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Roxella Lyons ("Lyons") filed suit against Defendant Rebecca Warner ("Warner") for conduct related to Warner's position as a dispatcher for Jefferson County. (Doc. 1 at 2–3.) Lyons alleges § 1983 actions for violation of her Fourth and Fourteenth Amendment rights and a claim for violation of her Montana constitutional rights. (Doc. 1 at 3–6.) Warner filed a motion to dismiss for failure to state a claim on July 11, 2023. (Doc. 6.) Lyons opposed the motion. (Doc. 17.) The Court held a hearing on the motion on September 25, 2023. (Doc. 24.)

## BACKGROUND

Lyons filed a lawsuit against Jefferson County, Sheriff's Deputy Duston Clements ("Deputy Clements"), and the City and County of Butte-Silver Bow on June 7, 2021. (CV-21-44-H-JTJ ("*Lyons I*")). Lyons asserted five claims: (1) § 1983

1

claim against Deputy Clements for violation of her Fourteenth Amendment; (2) §
1983 claim against Deputy Clements for violation of her Fourth Amendment; (3)
claim against Deputy Clements for violation of her state constitutional rights; (4)
negligence claim against Deputy Clements; (5) negligence claim against Jefferson
County; (6) negligence claim against Butte-Silver Bow; (7) intentional infliction of
emotional distress (IIED) claim against Deputy Clements; and (8) negligent
infliction of emotional distress (NIED) claim against Deputy Clements. (*Lyons I*,
Doc. 29.) The claims arose from an arrest that Deputy Clements effectuated based
on a warrant upon which Lyons had already appeared. (*Id.*, ¶¶ 41–50.)

The parties stipulated in that case that the dispatcher, Warner, negligently had
informed Deputy Clements that the warrant for Lyons remained active. (*Lyons I*,
Doc. 109, at 3.) The parties also stipulated that Warner had been acting in the course
and scope of employment when she incorrectly advised Deputy Clements as to the
status of the warrant. (*Id.* at 4.) Further, the final pretrial order in that case included
the following legal issue:

> "[w]hether Plaintiff will be permitted to introduce evidence of
> additional purported negligence in an admitted liability case, including
> that the CJIN report that [sic] shows Jefferson County, under
> Dispatcher Rebecca Warner's identification number, at 6:44 PM ran a
> warrant check on Roxella Lyons and was informed 'no record' which
> means no warrant exists."

(*Id.* at 5.) The parties further stipulated that Jefferson County owed Lyons a legal
duty and breached that duty. (*Id.* at 4–5.) The Court held a jury trial on damages on

2

March 14, 2023. (*Lyons I*, Doc. 110.) The jury awarded Lyons $12,500. (*Lyons I*, Doc. 118.) The Court entered judgment in favor of Lyons against Jefferson County and in favor of Butte-Silver Bow against Lyons. (*Lyons I*, Doc. 125.)

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint must contain sufficient factual matter to state a claim for relief that appears plausible on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim proves plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard does

not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "take[] as true and construe[] in the light most favorable to plaintiffs" all factual allegations set forth in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotations omitted).

## DISCUSSION

Warner argues that the judgment in *Lyons I* precludes the claims against her under the doctrine of res judicata. (Doc. 7 at 6.) Lyons argues that an affirmative defense is not a ground upon which a Rule 12(b)(6) motion may stand. (Doc. 17 at 2.) Lyons further disputes whether the Court can consider the pleadings in *Lyons I* in deciding Warner's Rule 12(b)(6) motion. (*Id.* at 2.) Lyons finally argues that res judicata does not bar this case because the claims are not the same, the parties are not the same, the subject matter of the cases differ, and the capacities of the parties are not the same as in *Lyons I*. (*Id.* at 3–14.) Lyons initially argued that res judicata also would not apply because *Lyons I* lacked a final judgment on the merits. (*Id.* at 14–15.) Lyons has withdrawn this argument. (Doc. 28.)

### I.    Whether the affirmative defense of res judicata can form the basis for a Rule 12(b)(6) motion to dismiss

Lyons argues that "res judicata is generally an affirmative defense and not a basis upon which a Motion to Dismiss may stand." (Doc. 17 at 2.) Lyons then seemingly contradicts this statement in the next paragraph admitting that "under

federal procedural processes in the 9th Circuit the affirmative defense may be raised in a Motion to Dismiss." (Doc. 17 at 2.)

"A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6)." *Save the Bull Trout v. Skipwith*, No. CV 19-184-M-DLC-KLD, 2020 U.S. Dist. LEXIS 81898, at * 4 (D. Mont. 2020). The Court may grant a Rule 12(b)(6) motion based on the application of an affirmative defense where the allegations set forth in the complaint and any judicially noticeable facts establish the defense. *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). The affirmative defense of res judicata can form the basis for a Rule 12(b)(6) motion. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

## II.   Whether the Court may consider the proceedings in *Lyons I* in deciding Warner's Motion to Dismiss

The Court generally may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed R. Civ. P. 12(d). Two exceptions exist to the rule that "consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Lee*, 250 F.3d at 688. The first exception allows the Court to consider extrinsic evidence that properly has been submitted as part of the complaint. *Id.* The second exception permits the Court to "take judicial notice of 'matters of public record.'" *Id.* at 689 (citing *Mack v. South*

5

*Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The Court may not take judicial notice of a fact, however, where the fact remains "'subject to reasonable dispute.'" *Id.* (quoting Fed. R. Evid. 201(b)).

The Court may take judicial notice of other state and federal court proceedings in ruling on a Rule 12(b)(6) motion. *Save the Bull Trout*, 2020 U.S. Dist. LEXIS 81898, at * 4–5 (citing *Lee*, 250 F.3d at 690; *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995)). The Court "may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.* (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)). *Lyons I* involved a federal court proceeding. The Court may take judicial notice of the orders, judgments, and documents filed in *Lyons I.*

### III. Whether the doctrine of res judicata bars Lyon's claims against Warner

Res judicata, also known as claim preclusion, fully applies to civil rights suits brought under 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). The doctrines of claim and issue preclusion govern the preclusive effect of a judgment entered in a previous lawsuit. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2002). The Court first must determine whether state or federal preclusion law applies before deciding whether res judicata precludes a claim. A federal court determining the preclusive effect of a state court judgment must apply state preclusion law. *Dauven v. United*

*State Bancorp*, 390 F. Supp. 3d 1262, 1276 (D. Or. 2019). A federal court determining the preclusive effect of a judgment entered by a federal court sitting in diversity jurisdiction also must apply state preclusion law. *Id.* A federal court determining the preclusive effect of a judgment entered by a federal court exercising federal question jurisdiction must apply federal preclusion law. *Id.*

"Whether federal or state [ ] preclusion law applies to the judgement of a federal court exercising supplemental jurisdiction over a state law claim, is an unsettled area of law." *Valladoid v. Dragan*, No.: 22cv71-JO-BGS, 2022 U.S. Dist. LEXIS 147684, at *11 n.6 (S.D. Cal. August 16, 2021) (citing *Hayes v. Rojas*, No. 1:20-cv-01820-NONE-JLT, 2021 U.S. Dist. LEXIS 222412, at *5 n.4 (E.D. Cal. Nov. 17, 2021)). Some courts have concluded that federal res judicata law applies to state law claims over which a federal court exercised supplemental jurisdiction. *Robinson v. City of Phoenix*, No. CV10-1044 PHX DGC, 2010 U.S. Dist. LEXIS 113401, at *5–6 (D. Ariz. October 15, 2010); *Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977); *In re Residential Capital, LLC*, 507 B.R. 477, 490 (Bankr. S.N.Y. 2014). Analysis under either state or federal res judicata results in the same conclusion.

## A. Whether res judicata under Montana law bars Lyons's claims against Warner

Res judicata under Montana law requires five elements:

> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz v. Metro. Gen. Ins. Co.*, 285 P.3d 494, 501 (Mont. 2012). The Montana Supreme Court characterized the purpose of claim preclusion as "'traditionally aimed to prevent plaintiffs from 'splitting' causes of action, but now also operates as a kind of common-law compulsory joinder requirement, promoting judicial economy through the consolidation of related claims.'" *Id.* (quoting *Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 8 (1st Cir. 2008)). Lyons has conceded that the fifth element of claim preclusion proves satisfied because *Lyons I* reached a final judgment on the merits. (Doc. 28 at 1–2.) Lyons contests whether *Lyons I* satisfies the four remaining elements of claim preclusion. The Court's analysis will focus on these four elements.

### i.     Identity of the Parties

Warner argues that this case and *Lyons I* involve the same parties. Warner recognizes that the plaintiff named Jefferson County in *Lyons I*, but did not name Warner as a party. Warner contends, however, that Jefferson County's liability stemmed from its position as Warner's employer and its duty to indemnify Warner. Lyons counters that Jefferson County's liability in *Lyons I* arose from being the

employer of Deputy Clements, not the employer of Warner. Lyons contends that this fact creates a distinction between the parties in the cases.

Parties or their privies must be the same for res judicata to apply. *Brilz*, 285 P.3d at 501. The Montana Supreme Court has found privity between an employer and employee. In *First Bank, (N.A.) v. District Court for Fourth Judicial District*, a bank sued borrowers for deficiencies remaining on their loans after the sale of pledged collateral. 737 P.2d 1132, 1133 (Mont. 1987). The parties settled and stipulated to a dismissal of the case. *Id.* Months later, the borrowers sued the bank alleging fraud and misrepresentation. *Id.* The borrowers argued that the "same parties" element of res judicata proved unsatisfied because both the bank officer and one of the borrowers in the second suit had not been parties to the first suit. *Id.* at 1135. The Montana Supreme Court noted that "privity implies a connection, mutuality of will or an interaction of the parties." *Id.* The Montana Supreme Court determined that privity existed for the borrower because though not named in the original suit, the borrower had signed documents for the transfer of the collateral. *Id.* The Montana Supreme Court further determined that privity existed between the bank and officer, noting the officer's position as an "agent of the bank." *Id.*

Lyons makes an argument similar to the one made by the borrowers in *First Bank, (N.A.)*. Lyon's argument fails for the same reason that it failed in *First Bank, (N.A.)*. *Lyons I* did not name Warner as a defendant. Warner, like the bank officer in

*Lyons I*, worked as a dispatcher for Jefferson County—a named defendant in *Lyons I*. *Lyons I* involved claims directly related to Warner's failure to perform adequately her duties of employment as a dispatcher for Jefferson County.

Lyons argues that Warner acted outside the scope of her permitted employment duties to try to distinguish Warner from an agent of Jefferson County. Lyons entered stipulations in *Lyons I* that appear directly contrary to this assertion: "Jefferson County has admitted it is Warner's employer and that she was acting in the course and scope of her employment when she told Deputy Clements that the warrant had been confirmed. Jefferson County is therefore the party responsible for Warner's negligence." (*Lyons I*, Doc. 109 at 4.) This case seeks to impose individual liability on Warner for the same incident that *Lyons I* imposed liability on Jefferson County. The identities of the parties in this case prove the same or in privity to those in *Lyons I*. *First Bank, (N.A.)*, 737 P.2d at 1135.

### ii.   Mutuality in Subject Matter of the Actions

Warner argues that this suit involves the same transaction as *Lyons I* and even involves issues of fact raised and addressed in *Lyons I*. Lyons argues that a precise mutuality of issues must exist between the cases. Lyons contends that the issues raised here differ because the Court in *Lyons I* excluded the evidence that Warner ran the CJIN check on the warrant.

This suit shares the same subject matter as *Lyons I*. Both revolve around Lyons's wrongful arrest on the previously resolved warrant. Lyons goes to great lengths to distinguish the matters, but even the issue of the CJIN check and false communication to Deputy Clements arose in *Lyons I*. The argument that Warner intentionally miscommunicated with Deputy Clements, instead of negligently miscommunicated with Deputy Clements, fails to render these cases distinct.

### iii.    Identity of Issues

A final judgment on the merits extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Brilz*, 285 P.3d at 494. "Where two distinct causes of action exist, they may be sued on separately notwithstanding the fact that they arise from the same general course of events, that an element of damages is common to both suits, or both might have been asserted at the same time." *Audit Servs. v. Anderson*, 684 P.2d 491, 494 (Mont. 1984) (internal citations omitted). The Montana Supreme Court looks at whether the claims in each action arise from the same transaction to determine mutuality of the issues. *Brilz*, 285 P.3d at 502. "Where one act causes a number of harms to, or invades a number of different interests of, the same person, there is still only one transaction." *Id.* The Montana Supreme Court also has cited judicial economy in recognizing that "a party

11

should be held to account not only for what [they] actually pleaded, but for what [they] could have pleaded in the earlier suit." *Id.* at 503.

Lyons compares this case to *Comm'r v. Sunnen*. 333 U.S. 591 (1948). The U.S. Supreme Court in *Sunnen* determined that a previously litigated claim for liability for a particular tax year barred litigation of similar claims of liability for that year. *Id.* at 598. The U.S. Supreme Court noted that a claim for liability in one tax year generally had no res judicata effect on a claim in another tax year. *Id.* Lyons fails to recognize the transactional approach to res judicata in comparing this case to *Sunnen*. Lyons's claims in this case stem from the same exact event as *Lyons I*, not different events taking place in different years, as happened in *Sunnen*.

The Montana Supreme Court has determined identity of issues to exist where the named claims differ between the suits. *Adams v. Two Rivers Apts., LLP* involved the negligent construction of a building. 444 P.3d 415, 421 (Mont. 2019). The first suit asserted claims of negligence, breach of warranty, and failure to construct a building according to specifications. *Id.* A second suit filed after the parties had settled and dismissed the first suit alleged claims for indemnity and contributory negligence. *Id.* at 420. The Montana Supreme Court looked to the allegations underlying each claim and determined that both suits involved the same substantive issue of whether the building had been constructed negligently. *Id.* at 421.

12

This case involves the same substantive issues that have been litigated in *Lyons I*. *Lyons I* framed the issue as negligence. Lyons in this case frames the issue as a violation of constitutional rights. The underlying allegations prove the same. The dispatcher miscommunicated the status of Lyons's warrant resulting in Lyons's false arrest. This suit involves facts discovered, presented, and litigated in *Lyons I*. Lyons presents the same issues in this case as she presented in *Lyons I*. At the very least, Lyons presents issues that could have been raised in *Lyons I* and relate to the same subject matter as that case. *Adams*, 444 P.3d at 421.

### iv.    Capacities of the Parties

*Lyons I* involved Lyons as an arrestee claiming unlawful arrest as does this matter. *Lyons I* involved Jefferson County as the employer of the law enforcement agents responsible for Lyons's arrest, Warner and Deputy Clements. Lyons now seeks to sue Warner in her individual capacity for her role in Lyons's arrest. This attempt to change the capacity in which Warner is being held responsible for her actions appears to contradict the stipulation entered in *Lyons I* that Warner had been acting in the scope of her employment.

Liberal pleading standards permit allegations in the same lawsuit to be mutually inconsistent until resolved by the parties or finders of fact. *Brilz*, 285 P.3d at 502. Parties asserting a different stance on facts resolved and stipulated to in a

prior lawsuit in order to pursue a subsequent lawsuit runs counter, however, to the premise upon which res judicata is based:

> [A]s a result of the [res judicata] doctrine's application, a party may be precluded from litigating a matter that has never been litigated and that may involve valid rights to relief. The rationale here is to force parties to raise such matters in their first suit in the interest of judicial economy and avoiding the expense and vexation of multiple lawsuits.

*Id.* at 501. Lyons's attempt to distinguish the capacities of the parties fails.

## B. Whether res judicata under federal law bars Lyons's claims against Warner

"Res judicata applies when 'the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). Lyons has conceded that the "final judgment on the merits" element of federal res judicata has been satisfied. (Doc. 28 at 1–2.) The Court will analyze the parties involved and the claims presented.

### i.    Involved the same "claim" or cause of action

Warner argues that this suit involves the same claim or causes of action. Warner notes that the final pretrial order in *Lyons I* identifies Warner's false communication about the warrant as a legal issue. Lyons counters that this case involves whether Warner checked the warrant and lied about its validity whereas the

prior case alleged that if she had checked the warrant, she would have discovered that it was no longer active.

"Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987.

The Court considers whether suits involve the same facts and whether they could have been tried together to determine if suits arise out of the same transactional nucleus. *Id.* The Ninth Circuit in *Mpoyo* determined that two suits arose out of the same transactional nucleus. *Id.* at 986. The employee's first suit had raised claims under Title VII related to the termination of his employment. *Id.* The employee's second suit had raised claims under the Fair Labor Standards Act and Family and Medical Leave Act. *Id.* The Court recognized that the claims all related to his termination of employment and that all claims could have been litigated conveniently in the same case. *Id.* at 987.

Lyons brings two § 1983 claims against Warner and a claim for violation of her Montana constitutional rights. Lyons brought these same claims, arising from

y

15

the same events, against Deputy Clements. Her claims against Jefferson County further relied, at least in part, on Warner's false communication about the validity of the warrant. These claims arise out of the same transactional nucleus of facts. Factor one weighs in favor of a finding that this suit involves the same claim or cause of action as *Lyons I*. *Mpoyo*, 430 F.3d at 987.

Lyons's current claims would impair the rights and interests of Warner. Lyons stipulated in *Lyons I* that Warner was acting in the course and scope of her employment. (*Lyons I*, Doc. 109 at 4.) This stipulation required Jefferson County to indemnify her and formed part of the basis for Jefferson County's liability for negligence. The current litigation threatens the validity of the finding on Jefferson County's liability and threatens Warner's right to indemnity that the parties already conclusively established in *Lyons I*. Factor two weighs in favor of a finding that this suit involves the same claim or cause of action as *Lyons I*.

The current claims further involved infringement of the same rights: Lyons's Fourteenth Amendment, Fourth Amendment, and Montana constitutional rights. Lyons stipulated to a dismissal of Deputy Clements and the claims against him in *Lyons I*. Those claims have not been litigated. The negligence claim in *Lyons I* centered on whether Lyons wrongfully had been arrested. *Lyons I* involved infringement of the same right to be free from wrongful arrest that the claims in this

16

case allege. Factor three weighs in favor of a finding that this suit involves the same claim or cause of action as *Lyons I*.

Lyons's current claims also would result in presentation of substantially the same evidence. Both cases stem from the same event related to Lyons's wrongful arrest on an invalid warrant. The fact that Warner ran the warrant through CJIN serves as the only evidence that may be admitted in this case that was not admitted in *Lyons I*. All other evidence would be the same. Factor four weighs in favor of a finding that this suit involves the same claim or cause of action as *Lyons I*.

Considering the four-factor test set out by the Ninth Circuit, this suit involves the same "claim" or cause of action as *Lyons I*. The only difference between *Lyons I* and this case revolves around intent. This case alleges that Warner *knew* that the warrant had been resolved and intentionally lied to Deputy Clements. *Lyons I* alleged that Warner *should have known* that the warrant had been resolved and negligently communicated that it had not been so resolved to Deputy Clements. The case otherwise remains the same. Lyons's additional claims "rest on theories that [she] indisputably could have included in an amended complaint." *Save the Bull Trout v. Williams*, 49 F.4th 1292, 1298 (9th Cir. 2022).

    ii.    **Involved identical parties or privies**

Res judicata "do[es] not always require one to have been a party to a judgment in order to be bound by it." *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996).

"'[P]rivity' between a party to the second case and a party who is bound by an earlier judgment" satisfies the requirement of "same parties." *Id.* Privity exists where a party to the original action possessed the same interests as a party to the second action and adequately represented those interests. *Id.* "[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhron v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993).

In *Thaut v. Hsieh*, the district court addressed whether an employee-employer relationship could establish privity. No. 2:15-cv-0590-JAM-KJN, 2016 U.S. Dist. LEXIS 70781, at *80 (E.D. Cal. May 27, 2016). *Thaut* involved claims, including a § 1983 claim, asserted against medical providers for a prisoner's death caused by their alleged malpractice. *Id.* at *20–23. The district court recognized that the plaintiff already had sued and voluntarily dismissed the hospital that employed the physician. *Id.* at *80. The district court noted that the plaintiff's suit sought to hold the physician "liable for the same actions and inactions for which they tried to hold [the hospital] derivatively liable as [the physician's] employer in their prior state court action." *Id.* The district court reasoned that privity existed between the physician and hospital because "[the physician's] interests were adequately represented by [the hospital] in the prior state court action." *Id.* The same reasoning applies to this case.

18

This suit involves the same parties as *Lyons I*. Jefferson County represented both of its employees, Warner and Deputy Clements, in *Lyons I*. The stipulation entered in *Lyons I* that Warner had been acting in the course and scope of her employment evidences that Jefferson County represented the interests of both Warner and Deputy Clements in *Lyons I*.

## CONCLUSION

Res judicata provides a ground for dismissal on a Fed. R. Civ. P. 12(b)(6) motion. The Court can take judicial notice of prior judicial proceedings to determine whether res judicata bars Lyons's claims against Warner. The Court need not decide whether to apply state or federal res judicata principles where the Court maintained supplemental jurisdiction over the prior lawsuit. The elements of res judicata prove satisfied whether the Court relies on state or federal res judicata principles. The Court concludes that res judicata bars this suit.

The Court will dismiss this claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "'Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011) (quoting *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)); *Smith v. Johnson*, No. 22-35766, 2023 U.S. App. LEXIS 27560, at *1 (9th Cir. Oct. 17, 2023) (remanding to correct judgment to dismissal without prejudice)

(unpublished). It proves clear that Lyons's complaint cannot be saved by any amendment as the doctrine of res judicata bars the action that Lyons seeks to pursue. The Court will dismiss this action with prejudice.

## ORDER

Accordingly, **IT IS ORDERED:**

1.) Warner's Motion to Dismiss (Doc. 7) is **GRANTED**.

2.) Lyons's Complaint (Doc. 1) is hereby dismissed with prejudice.

3.) The Clerk of Court is ordered to close this case

DATED this 6th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court